On September 14, 1998, two Cincinnati police officers were involved in an investigation of drugs that were missing from the Lincoln Crawford Nursing Home. The officers were in civilian clothes when they went to question nursing home employee Royanna Davis at her Newport, Kentucky, residence. The officers identified themselves with their badges and told Davis that they were investigating the drug shortages. The officers advised Davis that she did not have to talk to them if she did not want to.
Davis agreed to talk to the officers and sat in their unmarked car. Davis then explained to the officers the circumstances surrounding her taking of the drugs and indicated that she had a drug problem. The officers made arrangements for Davis to surrender herself the following day.
Davis was charged with two counts of illegal processing of drug documents and three counts of theft. Davis filed a motion to suppress her statements to police. After a hearing, the trial court overruled the motion. Davis then entered a plea of no contest to each count and was sentenced to a term of imprisonment of six months on each count, with the sentences to run concurrently. Davis appeals, assigning as error the trial court's denial of her motion to suppress.
We begin our analysis with Davis's claim that the police were required to give her Miranda[1] warnings before questioningher about the missing drugs. Police officers are not required toadminister Miranda warnings to everyone whom they question.[2]
Only custodial interrogation triggers the need for Miranda
warnings.[3] Interrogation does not become custodial for purposes of Miranda unless the suspect's freedom of action is curtailed to a degree associated with a formal arrest.[4] The central inquiry is simply whether there is a "formal arrest or restraint on freedom of movement" of the degree associated with a formal arrest.[5] Where interrogation occurs in familiar or at least neutral surroundings, such as the suspect's home, courts are less likely to find the circumstances custodial.[6] In a noncustodial situation, Miranda warnings are not required, even if the focus of the investigation is on the suspect at the time of the interview.[7]
In this case, there is absolutely no evidence to indicate that Davis was under arrest or that the police imposed any restraint on her freedom of movement. The police approached Davis at her own home. Davis agreed to speak to the officers and sat with them in an unmarked police car. Davis was free to leave at any time. Under these circumstances, we hold that Davis was not "in custody" for purposes of Miranda. Therefore, the officers were not required to give her the Miranda warnings.
The next step in our analysis is to determine whether Davis's confession was voluntarily given to police. A confession will not be found to be involuntary unless there is first a finding of coercive police activity.[8] In deciding whether a suspect's confession has been involuntarily induced, a court should consider the totality of the circumstances.[9] In this case, the record supports the trial court's conclusion that there was no coercion by police. The officers identified themselves as police officers and showed their badges to Davis. The officers told Davis that she did not have to talk to them if she did not want to, yet Davis agreed to talk with them. There was no evidence of abuse or threats. In the absence of some demonstration of police misconduct causally related to Davis's confession, we cannot conclude that Davis was deprived of due process of law.[10]
Nor does the possibility of Davis's slight impairment negate the trial court's finding of voluntariness. The presence of drugs or alcohol will not, by itself, make a statement inadmissible.[11] Moreover, the only evidence regarding Davis's possible impairment was limited to Officer Haun's statement that Davis "may have been a little impaired from the activities before." Accordingly, we conclude that the record supports the trial court's determination that, under the totality of the circumstances, Davis's confession was voluntary.[12]
Therefore, we overrule Davis's single assignment of error and affirm the judgment of the trial court.
And the Court, being of the opinion that there were reasonable grounds for this appeal, allows no penalty. It is further Ordered that costs be taxed in compliance with App.R. 24, that a copy of this Memorandum Decision and Judgment Entry shall constitute the mandate, and that said mandate shall be sent to the trial court for execution pursuant to App.R. 27.
Judgment affirmed.
 Doan, P.J. and Hildebrandt, J., concur.
To the Clerk:
Enter upon the Journal of the Court on July 23, 1999 per order of the Court _______________________________.
Presiding Judge
[1] See Miranda v. Arizona (1966), 384 U.S. 436, 86 S.Ct. 1602.
[2] See Oregon v. Mathiason (1977), 429 U.S. 492, 97 S.Ct. 711.
[3] See State v. Biros (1997), 78 Ohio St.3d 426,678 N.E.2d 891, citing Miranda, supra.
[4] See Berkemer v. McCarty (1984), 468 U.S. 420,104 S.Ct. 3138 (quoting California v. Beheler [1983], 463 U.S. 1121,103 S.Ct. 3517).
[5] See Beheler, supra.
[6] See United States v. Erving L. (C.A. 10, 1998),147 F.3d 1240.
[7] See Beckwith v. United States (1975), 425 U.S. 341,96 S.Ct. 1612.
[8] See State v. Wiles (1991), 59 Ohio St.3d 71, 571 N.E.2d 97, citing Colorado v. Connelly (1986), 479 U.S. 157, 107 S.Ct. 515.
[9] SeeWiles, supra, citing State v. Edwards (1976), 49 Ohio St.2d 31,358 N.E.2d 1051.
[10] See State v. Taylor (Sept. 7, 1988), Hamilton App. No. C-870458, unreported.
[11] See State v. Stewart (1991), 75 Ohio App.3d 141,598 N.E.2d 1275.
[12] See State v. Sellers, (Oct. 14, 1992), Hamilton App. No. C-910834, unreported.